UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| NEW ORLEANS EQUITY, L.L.C. d/b/a GALATOIRE'S RESTAURANT AND GALATOIRE'S 33 BAR & STEAK | * * | CIVIL ACTION NO. 20-1935 |
| VERSUS | * | SECTION "M" (2) |
| U.S. SPECIALTY INSURANCE COMPANY | * | |

**ORDER AND REASONS**

Plaintiff New Orleans Equity, LLC's Motion for Leave to File Amended and Restated Complaint (ECF No. 20) is pending before me in this matter. Defendant U.S. Specialty Insurance Company filed a timely Opposition Memorandum. ECF No. 26. Having considered the record, the arguments of counsel, and the applicable law, IT IS ORDERED that Plaintiff's motion is GRANTED for the reasons stated herein.

**I.      BACKGROUND**

Alleging that Defendant breached its insurance contract, Plaintiff filed suit on July 8, 2020, seeking to recover for losses related to COVID-19 or SAR-CoV-2. ECF No. 1, ¶¶ 7-21; 61-75. The Governing Scheduling Order established pretrial deadlines, including an October 16, 2020, to amend pleadings and February 5, 2020, to complete discovery. ECF No. 11, at 1-2. Plaintiff filed a Motion for Leave to Amend its Complaint on the October 16, 2020 deadline. ECF No. 20.

Defendant opposed Plaintiff's Motion for Leave "only to the extent that any consent to same would be deemed a waiver of any defenses [it] may have to the allegations therein or to [its] right to bring any responsive pleading permissible by the Federal Rules of Civil Procedure." ECF No. 26, at 1.

**II.     LAW AND ANALYSIS**

Plaintiff timely sought leave to amend before expiration of the Scheduling Order's deadline. Thus, its request for leave to amend is governed by Fed. R. Civ. P. 15(a) rather than the more stringent good cause requirements of Fed. R. Civ. P. 16(b). *See S & W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 535-36 (5th Cir. 2003) (Federal Rule of Civil Procedure 16(b) governs the amendment of pleadings after a scheduling order deadline has expired and allows modification "only for good cause and with the judge's consent;" the more liberal standard of Rule 15(a) applies to the court's decision to grant or deny leave only after the movant demonstrates good cause to modify the scheduling order) (citing Fed. R. Civ. P. 16(b)).

Under Rule 15(a)(2), the "court should freely give leave [to amend] when justice so requires."[1] This inquiry requires the court to balance the difficult task of assuring a party a fair opportunity to present his claims and defenses while at the same time protecting the district court from being imposed upon by the presentation of theories seriatim. *Gregory v. Mitchell*, 634 F.2d 199, 203 (5th Cir. 1981) (citation omitted). Given Rule 15(a)'s "bias in favor of granting leave to amend,'" a court "must possess a 'substantial reason' to deny a request.'" *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004) (citation omitted).

The five relevant considerations for examination by the court in determining whether to grant leave to amend a complaint are: (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by previous amendments, (4) undue prejudice to the opposing party,

---

[1] Fed. R. Civ. P. 15(a). Denial of leave to amend is reviewed for abuse of discretion. *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1173–74 (5th Cir. 2006). The term "discretion" in this context "'may be misleading, because [Rule] 15(a) evinces a bias in favor of granting leave to amend.'" *Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 425 (5th Cir. 2004) (quoting *Stripling v. Jordan Prod. Co.,* 234 F.3d 863, 872 (5th Cir. 2000)). A district court properly exercises its discretion under Rule 15(a)(2) when it denies leave to amend for a substantial reason, such as undue delay, repeated failures to cure deficiencies, undue prejudice, or futility. *U.S. ex rel. Spicer v. Westbrook*, 751 F.3d 354, 367 (5th Cir. 2014).

and (5) futility of the amendment. *Smith*, 393 F.3d at 595 (*citing Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962))). Absent a "substantial reason," such as any of the *Foman* factors, the court's discretion "is not broad enough to permit denial." *Mayeaux*, 376 F.3d at 425 (footnote omitted) (citing *Martin's Herend Imps., Inc. v. Diamond & Gem Trading United States of Am. Co.*, 195 F.3d 765, 770 (5th Cir. 1999); *Stripling v. Jordan Prod. Co.,* 234 F.3d 863, 872 (5th Cir. 2000)).

Plaintiff seeks to amend its Complaint to include allegations based on evidence that did not exist at the time of its original filing. ECF No. 20, at 1. The parties have not yet exchanged written discovery or taken any depositions. Likewise, no depositions have been taken. *Id*. Defendant opposes the motion for leave "to the extent that any consent to same would be deemed a waiver of any defenses . . . or [it's] right to bring any responsive pleading . . . ." ECF No. 26. Conspicuously absent from Defendant's Opposition is any cited authority that would even suggest that consent to Plaintiff's request for leave would waive any defense or preclude Defendant from filing a responsive pleading. Moreover, those concerns are not well founded under the Federal Rules of Civil Procedure. *See, e.g.*, Fed. R. Civ. P. 12(h) (addressing waiver of defenses); Fed. R. Civ. P. 15(a)(3) (specifying time period for response to amended pleading). Defendant has simply failed to identify any legitimate reason to oppose the motion.

### III. CONCLUSION

Given the early stage of this case and Defendant's failure to identify any legitimate reason to oppose the motion, there is no "substantial reason" to deny Plaintiffs' request for leave to amend under Rule 15(a).

Accordingly, for the foregoing reasons and considering the record, the submissions and arguments of counsel, and the applicable law,

IT IS ORDERED that Plaintiff's Motion for Leave to File Third Amended Complaint (ECF No. 20) is GRANTED;

IT IS FURTHER ORDERED that the Clerk file Plaintiff's Proposed Amended Complaint (ECF No. 20-2) into the court record.

New Orleans, Louisiana, this  4th   day of November, 2020.

_____
DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE